
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRETT VERNON, | No. 10-56925 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00565-VBF-AJW |
| v. | |
| CITY OF SANTA BARBARA, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted June 8, 2012
Pasadena, California

Before: TROTT and BYBEE, Circuit Judges, and DUFFY, District Judge.**

Brett Vernon ("Vernon") appeals a judgment of the Central District of

California ("District Court") granting summary judgment to the defendants,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Officers Eduardo Ruiz and Thomas Van Eyck, the Santa Barbara Police

Department ("SBPD") and the City of Santa Barbara (collectively, the

"Defendants"), on his 42 U.S.C. § 1983 claims alleging unlawful search and

seizure and excessive force in violation of the Fourth Amendment.[1]

The facts and circumstances of this case are fairly and accurately set out by

the District Court in its order. Civil Minutes, Vernon v. City of Santa Barbara, No.

CV 10-565-VBF (AJWx) (C.D. Cal. Nov. 18, 2010), ECF No. 29. Vernon

contends that Officers Ruiz and Van Eyck are not entitled to qualified immunity

for their warrantless search of his house and for their use of force in detaining and

handcuffing him, and he argues that the District Court erred in finding that the

officers' actions did not violate his constitutional rights.

"We review a district court's grant of summary judgment, determination of

qualified immunity, and probable cause findings de novo." Franklin v. Fox, 312

F.3d 423, 436 (9th Cir. 2002). Summary judgment is appropriate where "there is

no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). We view the

facts in the light most favorable to the non-movant. Blankenhorn v. City of

Orange, 485 F.3d 463, 470 (9th Cir. 2007).

---

[1] Vernon offers no argument in support of reversing the District Court's judgment as to his § 1983 claim against the City of Santa Barbara and the SBPD. That claim is therefore waived. See, e.g., Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1992).

We employ a two-step qualified immunity analysis to determine (1) whether Vernon has shown a violation of a constitutional right, (2) which was "clearly established" at the time of the Defendants' alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009) (internal quotation omitted).

The District Court properly granted summary judgment for the Defendants on Vernon's warrantless search claim. Taken in the light most favorable to Vernon, the facts known to the SBPD officers at the time of their warrantless entry and search satisfied the requirements of both the exigent circumstances and emergency exceptions to the Fourth Amendment.

To satisfy its burden as to the exigent circumstances exception, Defendants must establish probable cause to enter and search Vernon's house as well as the existence of exigent circumstances. See United States v. Lindsey, 877 F.2d 777, 780 (9th Cir. 1989). Defendants must not have been able to obtain a warrant in time. See id. Among other factors, we will conclude that exigent circumstances existed where the totality of the circumstances "would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to the officers or other persons . . . ." Id. at 780-81 (first alteration in original) (internal quotations omitted).

The SBPD officers had probable cause to believe that a crime was about to

3

occur inside Vernon's residence and that a protective sweep was necessary to prevent physical harm to the occupants of the house and of the neighborhood. The officers' probable cause determination was supported by the two 9-1-1 calls alerting them that two men with a rifle and a case of beer were on the roof and the statement about the whereabouts of a shotgun they overheard an occupant of the house make to his friend only after seeing the police approach the front of the house. Cf. United States v. Struckman, 603 F.3d 731, 742 (9th Cir. 2010).

To determine whether the emergency doctrine applies to warrantless entry and search, we look at the totality of the circumstances to see whether (1) the officers "had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." United States v. Snipe, 515 F.3d 947, 952 (9th Cir. 2008).

Based upon the two 9-1-1 calls and the overheard conversation, the SBPD officers had an objectively reasonable basis to conclude that they were in an emergency situation. See Ryburn v. Huff, 132 S. Ct. 987, 990 (2012) (per curiam). The scope and manner of the officers' search were reasonable to secure the house. The police knocked and announced before entering, directed everyone to come to the front of the house and confined the protective sweep to those areas where the

4

police might find individuals with guns. See Snipe, 515 F.3d at 954.

Summary judgment was also proper on Vernon's excessive force claim. When evaluating the officers' objective reasonableness in exerting force, we consider "(1) the severity of the crime at issue; (2) whether [Vernon] posed an immediate threat to the safety of the officers or others; and (3) whether [Vernon] actively resisted arrest." Gregory v. Cnty. of Maui, 523 F.3d 1103, 1106 (9th Cir. 2008).

The amount of force exercised by Officers Ruiz and Van Eyck to detain and handcuff Vernon was objectively reasonable. As indicated above, the officers had reason to believe that at least one occupant of the house posed an immediate threat to their safety and that a certain amount of force was necessary to confront him. In addition, Vernon's refusal to comply with Officer Ruiz's repeated, verbal requests and his physical resistance to handcuffing increased the perceived danger of the situation the officers confronted while in his unsecured bedroom. See id. at 1106-07. The contusions and abrasions that Vernon alleged as injuries were only occasioned by his refusal to accept reasonable directions, which were clearly intended for his safety and that of others. See Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1096-98 (9th Cir. 2006); Forrester v. City of San Diego, 25 F.3d 804, 806-07 (9th Cir. 1994).

Finding no constitutional violations, the judgment must be affirmed.

**AFFIRMED.**